HARLOW v. GOW BROTHERS ET AL.

1. **Tax Deed:** INTEREST ENTITLING TO RELIEF: PLEADING. Where the petition in an action to enjoin a county treasurer from issuing a deed to land sold for taxes shows upon its face that the plaintiff had sold the land before the commencement of the suit, *held*, that he had the burden to show such interest in the property as to entitle him to the relief asked, and that a demurrer on the ground that the petition did not show him entitled to the relief asked was properly sustained.

*Appeal from Adair Circuit Court.*

MONDAY, OCTOBER 23.

ACTION in equity to enjoin the execution of a tax deed. The plaintiff in his petition avers in substance that he became the owner of the land in question and liable to pay the taxes of 1861 on the same; that in 1862, he paid all the taxes then assessed against said land; that in March, 1862, the legislature of Iowa passed an act levying a Federal tax on the property of the State, which levy was made out and entered on the tax

book of 1861; that plaintiff paid taxes on said land afterwards, and asked to pay all the taxes on said land, and did pay all the taxes which he was informed were against said land; that said Federal tax was not carried forward on the tax books of 1862, 1863 and 1864, and until plaintiff had sold his said land and left the county, and plaintiff had no knowledge that said tax was against the land; that in November, 1871, the defendants, Gow Brothers, purchased the said land at tax sale for said Federal tax.

The plaintiff prays that a writ of injunction may issue restraining the defendant, Gray, as county treasurer, from executing to the defendants, Gow Brothers, a tax deed of the land.

The defendants demurred to the petition on the following grounds:

"1. The facts set up in the petition do not entitle the plaintiff to the relief prayed for.

"2. The plaintiff has not legal capacity to sue, in that he is not the owner of the land in controversy, nor in any way interested therein."

The court sustained the demurrer. Judgment for defendants. Plaintiff appeals.

*Wright, Gatch & Wright*, for appellant.

*Gow Brothers*, for appellee.

ADAMS, J.—The petition shows that although the plaintiff was at one time the owner of the land in question he sold it before the commencement of this suit. Whether he conveyed it with a covenant of warranty or not does not appear. The burden of proof is on the plaintiff to show that he had such interest in the property as to entitle him to the relief demanded. We cannot presume that he had.

1. TAX DEED: interest entitling to relief: pleading.

The appellant contends that the demurrer is not sufficient to raise the question as to whether the petition sufficiently shows the plaintiff's interest or not. But we are of the opinion that the petition being an equitable one, the first ground of demurrer is sufficient.

Strictly speaking, a want of legal capacity, which is set up as the second ground, cannot arise from a want of interest in the land. But the statement of want of interest may be regarded as a more definite statement of the first ground, viz: that the facts set up in the petition do not entitle the plaintiff to the relief prayed for. We think that the demurrer was properly sustained.

AFFIRMED.